UNITED STATES DISTRICT COURT

FOR THE  SOUTHERN DISTRICT

**FILED**

MAR 16 2004

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

JOSE DELGADO CABRERA

    Plaintiff,

V.

    CIVIL NO. 5:04-0237

TROY WILLIAMSON ET. AL.

    Defendant(s).

# PETITION PURSUANT TO 28 U.S.C. SECTION 1331

PETITIONER FILED IN THIS HONORABLE COURT FOR THE SOUTHERN DISTRICT, WEST VIRGINIA

BY PLAINTIFF:

GROUNDS FOR RELIEF - Attachment:

This is a blatant abuse of discretion and denial of adequate or reasonable medical care, all which constitute a show of deliberate indifference to Plaintiff serious medical needs and a violation of his Due Process Right of Fifth or Fourteenth Amendment, protection from unconstitutional administrative action; and Eight Amendment Violation, guarantee right against infliction of Cruel and Unusual Punishment.

## STATEMENT OF FACTS

1. Around or about 01-2002 Plaintiff Cabrera injured his left knee exercising.

2. Approximately 01-3-02 Plaintiff sought medical attention for his injured knee, but was denied medical assistance because he only spoke spanish. Defendant Kirkland was the medical staff who denied me medical attention.

3. During the same month of 02, Plaintiff again sought medical attention for his injured left knee and was again denied by Medical Staff Defendant Worley due to the fact plaintiff could not speak English.

4. It took Defendant(s) approximately three (3) months before they X-rayed plaintiff injured knee, despite the physical evidence of severe swelling and daily complaints of unbearable pain.

5. Plaintiff injured left knee was eventually x-rayed, but Defendant(s) delayed telling Plaintiff the result for well over a year. During this entire period, Plaintiff experience frequent swelling of the left knee and was, and still is

experiencing daily pain in left knee. See exhibit B.

6. On 8-9-03 a MRI revealed that plaintiff suffered a partial tear of the left knee ligament and degenerative changes in all three joint compartments..

7. On 10-22-03 Petitioner submitted a request for Administrative Remedy to Defendant Warden Williamson requesting surgery to correct the damage to Plaintiff left knee. See exhibit C & C1.

8. Defendant Warden Williamson denied Plaintiff request stating, "surgery is not clinically indicated at this time". See exhibit D.

9. Approximately 10-23-03 Plaintiff spoke with Defendant Doctor McCain, explaining to him that the medication prescribed to him was ineffected and that he was in continuous pain and that his knee was deteriorating.

10. Defendant McCain told Petitioner that he could not do anything other than what had already been done and that due to budgetary constraint, no surgery would be for-coming see exhibit E.

11. Upon exhausting administrated remedy at the institutional and Region level without satisfaction, Plaintiff file a grievance with Central Office Administrator. Mr. H. Watts, Central Adm. concurred with Defendants, denying Plaintiff adequate medical attention. See Exhibits F & F1.

## CONCLUSION

Defendant(s) refusal to provide Plaintiff with corrective surgery constitute a deliberately indifference, especially being

-2-

III. In order to proceed in federal court you must ordinarily fully exhaust your administrative remedies as to each ground on which you request action by the federal court.

   A. Did you fully exhaust, including appeals, your administrative remedies pursuant to the Bureau of Prisons Policy Statement 1330.07?    Yes __x__    No _____

   B. If your answer to A is yes,

      1. What steps did you take?
         I file informal request for adm. remedy, filed a 8 1/2 to counselor, filed B.P. 9 to warden, regional, and Central office.
      2. What was the result?
         I was denied at all levels.

   C. If your answer to A is no, why not ?


IV. Parties
   (In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any).

   A. Name of plaintiff __Jose Delgado Cabrera #45584-054__

                        __FCI-Beckley__

                        __P. O. Box 350, Beaver, WV 25812__

   ( In Item B below, place the full name of the defendant in the first blank, his official position in the second blank. Use Item C for the names, positions, and place of employment of any additional defendants).

   B. Defendant __Troy Williamson__ is employed as __Warden__ at __FCI-Beckley, P. O. Box 350 Beaver, WV 25812__

   C. Additional Defendants __McCain, Kirkland, & Worley, all employed as Correctional Staff at FCI-Beckley, P. O. Box 350, Beaver, WV 25812__

-3-

V. Cause of Action

(List hereunder the different causes of action that are the grounds for the prosecution of this law suit.)

1. Right to be free from the infliction of Cruel and Unusual punishments as guaranteed by the Eighth Amendment.

2. Right to Due Process of Law under the Fifth and Fourteenth Amendments. (The right to be free from an abuse of discretion on the part of prison administrator & protection from
3. unconstitutional administrative action

VI. Grounds for relief

(Hereunder set out the factual allegations that you consider as establishing a basis for your requested relief under the specific cause/s of action/s.) (If additional space is necessary. include as attachments.)

1.   see attachment!

2.

3.

4.

VII. Relief sought
(Hereunder itemize the specific relief you exect to obtain on the prosecution of this law suit.)

1.

   see attachment!

2.


Wherefore, your Plaintiff respectfully requests that this Honorable Court grant the within relief sought and any other relief that this Court deems just and proper.

-4-

Signed this 9 day of March, 19 2004.

_____
_____
_____

(Signature of plaintiff or

plaintiffs)

Executed at ~~Federal Correctional Institute - Beckley~~

(Name of Institution, City, County)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 9-2004

(Date)

_____
_____
_____

(Signature of plaintiff or

plaintiffs)

-5-

that Defendant(s) knew of Plaintiff serious injury and continuous pain, therefore, disregarding an excessive risk to Plaintiff health and safety.

Plaintiff request for corrective surgery is an essential need, as opposed to desirable medical treatment. Serious medical needs include not only life-threatening illnesses, but also conditions that when left untreated cause needless pain and suffering.

*Jose Cabrera*
Signature of Plaintiff

Date 3-9-204

### RELIEF SOUGHT

Each individual is being sued in their individual and official capacity.

1. Defendant Troy Williamson is being sued for $110,000
2. Defendant McCain is being sued for $50,000
3. Defendant Kirkland is being sued for $45,000
4. Defendant Worley is being sued for $75,000

Wherefore, your Plaintiff respectfully requests that this Honorable Court grant the within relief sought and any other relief that this Court deems just and proper.

1331 Form

FORM TO BE USED BY FEDERAL PRISONERS IN FILING A COMPLAINT
UNDER 28 U.S.C.§ 1331

In the United States District Court

For the    SOUTHERN DISTRICT


~~JOSE DELGADO CABRERA~~

(Enter above the full name of the plaintiff or plaintiffs in this action)

v.

~~Warden Troy Williamson~~

~~Dr. McCain~~

H S A Kirkland

Mr. Worley
(Enter the full name above of the defendant or defendants in this action).


I. Place of Present Confinement    FCI-Beckley

II. Previous Lawsuits

A. Have you begun other lawsuits dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes_____ No  x

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

-2-

ZGT:94887  EXHIBIT A

BEC-1330.11
July 31, 1995
Attachment A

## REQUEST FOR ADMINISTRATIVE REMEDY
## INFORMAL RESOLUTION FORM

------------------------------------------------------------
Bureau of Prisons Program Statement 1330.11 "Administrative Remedy Procedures for Inmates", states that "before an inmate seeks formal review of a complaint he must try to resolve the complaint informally by presenting it to a staff member." The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.
------------------------------------------------------------

INMATE'S NAME: Jose CABRERA   NO. 45584-054 UNIT PBL
1. Specific Complaint: Refusal to give Medical Assistance due to the fact that inmate Cabrera can not speak English. (see Attachment).

2. Relief Requested: Treatment initially sought and Employment of Spanish Speaking Medical Staff.

3. Date/Time Complaint received from inmate: _____

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _____

6. Date Administrative Remedy provided: 01-04-02.

7. Informal Resolution was / **was not** accomplished.

Jose Cabrera delgado #45584-054         01-06-02.
Inmate's Signature/Register No.              Date


_____            _____
STAFF MEMBER'S NAME & TITLE              DATE


_____            _____
UNIT MANAGER'S SIGNATURE                 DATE

DISTRIBUTION: If complaint is informally resolved before being receipted, Correctional Counselors shall maintain informal resolution form for future reference. If complaint is not informally resolved, forward original resolution form, attached to administrative remedy, to the Administrative Remedy Clerk.

*Exhibit B*

BP-S148.055    INMATE REQUEST TO STAFF   CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**      **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | Date: |
|---|---|
| Cpt. Hutchinson | 7-11-03 |
| FROM: | REGISTER NO.: |
| Cabrera, Joss | 45524-054 |
| WORK ASSIGNMENT: | UNIT: |
| Orderly (PBL) | #3 (PBL) |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Sir: For the last 14 months I've been dealing with an unbearable pain in my left knee. I took x-rays but have yet been given an answer as to the results of the x-rays. It was several months ago when I took them. I haven't been given any form of medication despite my numerous sick call appointments concerning my knee. I was only told that it might be arthritis before I even took an x-ray, but not afterwards. Please assist me in my pursuit of medical attention!

Thank You!
Inmate, Cabrera

(Do not write below this line)

DISPOSITION:

| Signature of Staff Member | Date: |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: CABRERA, Jose         45584-054        Pine BL        FCI Beckley
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.     UNIT       INSTITUTION

### Part A- INMATE REQUEST

BP-8 level Response is inappropriate, thus I hereby assert why surgery should be performed my knee: (1) BOP may not use budgetary constraints to justify denial of medical treatment; because the injury is chronic and not acute warrants re-evaluation to have surgery, whereby invite warden and HSA Kirkland to carefully review the MRI Of Left Knee done on 8-9-03; (3) pain is constant, agonizing, and the condition is "deteriorating"; and (4) by law Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976), "An inmate must rely on prison authorities to meet his medical needs since otherwise such needs will not be met....Even where care is generally available to inmates, a denial of care to one inmate may result in pain and suffering which would serve no valid penological purpose." I therefore request a detailed explanation of wh FCI Beckley's medical personnel has decided not afford me the right to have this minor surge performed upon my knee after the results revealed that surgery is truly significant in this case? I also want an explanation of: Does FCI Beckley's medical staff subtly imply or sugge that I must await for amputation in order to receive surgery to correct the chronic ailment this stage? To wit, what is the criteria comprise of in order for me to have surgery perfor on my knee at this stage? Finally, is FCI Beckley's medical staff forcing me to get this re medy done via court Order through a preliminary injunction to compel? This BP-9 is being br n good faith.

November 13, 2003
DATE

*Jose Cabrera Delgado*
SIGNATURE OF REQUESTER

### Part B- RESPONSE

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*f dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this respons*

ORIGINAL: RETURN TO INMATE                             CASE NUMBER: _____

                                                       CASE NUMBER: _____

### Part C- RECEIPT

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**U.S. Department of Justice**  **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

*Exhibit F*

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Cabrera-Delgado, Jose__ __45584-054__ __Ane BL__ __FCI Beckley__
        LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

The Region still has not provided me with a list of the surgeries that a level 3 facility can perform and will or does my injury fit that list. Nor has the Region acknowledged that an interpreter will be present upon my visit to the surgeon. The biggest problem and worry here is and has been due to the lack of understanding between doctor-patient. I seek the information so requested above.

__1-13-04__                                    __Jose Cabrero Delgado__
  DATE                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

_____                              _____
    DATE                                      GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: __316877-A1__

**Part C—RECEIPT**
                                              CASE NUMBER: _____

Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.     UNIT    INSTITUTION
SUBJECT: _____

_____                              _____
    DATE                                      SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

EXHIBIT G

NAME: JOSE CABRERA
D.O.B: 4-12-59
PATIENT #: 45584-054
PHYSICIAN: REHBERG
D.O.S.: 8-9-03

MRI OF THE LEFT KNEE

HISTORY: Chronic knee pain.

SEQUENCES OBTAINED: Gradient echo axial sequence. T1 and fat suppressed proton density coronal sequence. Proton density sagittal sequence with and without fat suppression and T2 weighted sagittal sequence with fat suppression.

FINDINGS: Sequences obtained through the left knee demonstrate tricompartmental degenerative changes seen as osteophytes irregularity and joint space narrowing. There is fairly diffuse loss of posterior patella cartilage. Minimal knee joint fluid is seen. There is osteochondral irregularity involving the medial femoral condyle medial tibial plateau. Again, some osteophyte change is identified. The collateral ligaments appear intact. Quadriceps and patella tendon appear to be intact. There appeared to be a few fibers of a thin anterior cruciate ligament intact. There may have been a previous partial tear. There is irregularity seen involving the posterior horn of the medial meniscus suggesting a subtle degenerative tear. Lateral meniscus appears thinned but is intact.

Impression: 1. Degenerative change in all three knee joint compartments seen as osteophytes and joint space narrowing.
2. There is osteochondral irregularity involving the medial knee joint compartment, both the distal femoral condyle and tibial plateau.
3. Subtle degenerative tear posterior horn medial meniscus.

CHARLES MUCHNOK, M.D.dk

Exhibit C

BEC-1330.13b
October 2, 1999
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

---

The Bureau of Prisons Program Statement on Administrative Remedy Procedures for Inmates states that before an inmate seeks formal review of a complaint, he must try to resolve the complaint informally by presenting it to a staff member. The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

---

INMATE'S NAME: _Jose Cabreres Delgado_ NO. _45584-054_ UNIT _Pine B L_

1. Specific Complaint: _I have constantly complained to my doctor about my chronic knee injury whereby surgery will only correct it. Doctor McCain has refused due to budgetary constraints when the evidence is seriously becoming deteriorated attributable to the challenged con__

2. Relief Requested: _Surgical evaluation performed via specialist, and deemed chronic care. To be given x-rays of the injury and to have the HSA review my file._

3. Date/Time Complaint received from inmate: _11-1-03_

4. Date/Time Informally discussed with inmate: _11-12-03_

5. Staff Response: _Health Svc has evaluated your condition and surgery is not deemed necessary_

6. Date Administrative Remedy provided: _11-12-03_

7. Informal Resolution was / (was not) accomplished.

_Jose Cabrera_  _45584-054_      _10-22-203_
INMATE'S SIGNATURE/REGISTER NO.         DATE

_[signature]_ Counselor              _11-12-03_
STAFF MEMBER'S NAME & TITLE             DATE

_____        _____
UNIT MANAGER'S SIGNATURE              DATE

**DISTRIBUTION**: If the complaint is informally resolved before being receipted, the Correctional Counselors shall maintain the informal resolution form for future reference. If the complaint is not informally resolved, forward the original resolution form, attached to the Administrative Remedy Form, to the Administrative Remedy Clerk.

_Time between recpt and answer is due to waiting for __ and counselor __ on leave no fault of inmate._

Exhibit U

REQUEST FOR ADMINISTRATIVE REMEDY  BEC-316877-F1
INMATE: CABRERA, Jose
Reg. No.: 45584-054

Your Request for Administrative Remedy received November 18, 2003, wherein you state Health Services has refused to provide surgery for your left knee, has been received. Specifically, you contend your knee causes constant agonizing pain, and the medical staff have refused to provide you with surgery for this chronic ailment.

A review of your medical record reveals you have been evaluated on sick call visits, as well as, chronic care appointments with complaints of chronic left knee pain. An MRI of your left knee on August 9, 2003, revealed degenerative changes in all three joint compartments. This is a chronic condition, which does not require surgical procedures, and is best treated conservatively with anti-inflammatory medications. You have been counseled by the Clinical Director and staff physician assistants regarding your treatment plan, and provided with pain medication for the pain which you describe. Furthermore, you have been referred to an Orthopedic Surgeon in order to determine if any other treatment is necessary at this time. You have received a complete physical examination by the Clinical Director, and have been referred to the Orthopedic Surgeon for follow up. Surgery is not clinically indicated at this time, and if you are continuing to experience pain, please make a sick call appointment to address your concerns with a provider.

Based on this review, your request for administrative relief is denied. If you are dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty(20) calendar days of the date of this response.

12/8/03
Date

Troy Williamson, Warden

*Exhibit E*

October 2, 1999
Attachment A

REQUEST FOR ADMINISTRATIVE REMEDY
INFORMAL RESOLUTION FORM
FCI BECKLEY, WEST VIRGINIA

---

The Bureau of Prisons Program Statement on Administrative Remedy Procedures for Inmates states that before an inmate seeks formal review of a complaint, he must try to resolve the complaint informally by presenting it to a staff member. The staff member must also try to resolve the complaint "informally" before the inmate will be given an Administrative Remedy Form.

---

INMATE'S NAME: Jose Cabrera Delgado NO. 45584-054 UNIT Pine BL

1. Specific Complaint: I have constantly complained to my doctor about my chronic Knee injury whereby surgery will only correct it. Doctor McCain has refused due to budgetary constraints when the evidence is seriously becoming deteriorated attributable to the challenged cond

2. Relief Requested: Surgical evaluation performed via specialist, and deemed chronic care. To be given xrays of the injury and to have the HSA review my file.

3. Date/Time Complaint received from inmate: _____

4. Date/Time Informally discussed with inmate: _____

5. Staff Response: _____

6. Date Administrative Remedy provided: _____

7. Informal Resolution was / was not accomplished.

Jose Cabrera  45584-054            10-22-203
INMATE'S SIGNATURE/REGISTER NO.        DATE


_____          _____
STAFF MEMBER'S NAME & TITLE           DATE


_____          _____
UNIT MANAGER'S SIGNATURE              DATE

**DISTRIBUTION**: If the complaint is informally resolved before being receipted, the Correctional Counselors shall maintain the informal resolution form for future reference. If the complaint is not informally resolved, forward the original resolution form, attached to the Administrative Remedy Form, to the Administrative Remedy Clerk.

*Exhibit F1*

**Administrative Remedy No. 316877-A1**
**Part B- Response**

This is in response to your Central Office Administrative Remedy Appeal in which you request a list of surgeries a level 3 facility can perform and if your injury is included on the list. In addition, you request an interpreter be present when you visit with the surgeon.

Review of your medical record and discussion with FCI Beckley medical staff reveals you have been evaluated by clinical staff and provided medication for your chronic left knee pain. An MRI was performed on August 9, 2003, which revealed degenerative arthritis of the left knee with possible injury to the cruciate ligament and posterior horn tear of the medial meniscus. You were evaluated by the orthopedic surgeon on January 21, 2004, and he recommended arthroscopic surgery of your left knee. After careful review of your condition, the Clinical Director has determined there is no laxity of the left knee and that the degenerative arthritis would negate any improvement with arthroscopic surgery. Therefore, surgery is not warranted at this time. Health Services staff will continue to monitor your condition.

You are advised to consult with your primary physician regarding the types of surgeries performed at level 3 facilities.

The record reflects you are receiving medical care and treatment in accordance with Bureau policy. Should there be a significant change in your condition, you are encouraged to attend sick call to be re-evaluated.

This response is provided for informational purposes only.

_February 13, 2004_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals